IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01382-GPG-SBP

JOSE PABLO FERNANDEZ,

    Plaintiff,

v.

TEQUILAS INC., et al.,

    Defendants.

---

**ORDER ON MOTIONS TO QUASH (ECF Nos. 149, 160)
AND MOTION FOR HEARING (ECF No. 164)**

---

**Susan Prose, United States Magistrate Judge**

    Defendants Rosita's Mexican Restaurant, Inc., d/b/a Casa Tequila Evergreen, 3GEngagement, LLC, and Restaurantly, LLC (collectively, "Rosita's") subpoenaed the McCallum law firm ("McCallum") to testify at a deposition in this matter. McCallum represents plaintiff, Jose Pablo Fernandez, and Mr. Fernandez initially moved to quash the subpoena, ECF No. 149-1 ("First Motion to Quash"), but McCallum later filed its own Motion to Quash, ECF No. 160-1 ("Second Motion to Quash"), after Rosita's pointed out that the subpoena, ECF No. 149-3 ("Subpoena"), was directed toward McCallum and that Mr. Fernandez lacked standing to challenge it. The Second Motion to Quash is identical to the first in all other respects. *See* Second Motion to Quash at 2. Additionally, the court addresses several ancillary matters raised in Rosita's motion for a hearing, ECF No. 164 ("Motion for Hearing"), and informally to the court.

**I.    Motions to Quash**

    The court assumes the reader's familiarity with the factual and procedural history of this case, as well as the background legal principles for the legal issues discussed in this Order, including a motion to quash under Rule 45 of the Federal Rules of Civil Procedure.

    The Subpoena seeks the testimony of "[a] person or persons with knowledge relating to the preparation and execution of alleged Assignment of Copyright proffered and relied upon by the Plaintiff in this action." Subpoena at 1. The Assignment of Copyright, ECF No. 157-3

1

("Assignment"), is a purported agreement dated January 1, 1984, for the transfer of the copyright at issue in this case from a third party to Mr. Fernandez. When asked in an interrogatory who prepared the Assignment, Mr. Fernandez answered the McCallum Law Firm. *See* ECF Nos. 157-5 at 3, 157-6 at 19.

Rosita's questions the Assignment's authenticity. For one thing, it notes that Jennifer McCallum, the sole attorney at the McCallum Law Firm, was not admitted to practice as an attorney until 2001. ECF No. 157 ("Response") at 3. Moreover, the McCallum Law Firm was not registered with the State of Colorado until 2006, and McCallum's website states that the firm began in 2002.[1] *Id.* Thus, Rosita's seeks more information regarding the preparation and execution of the Assignment from McCallum. In its Response, Rosita's previews the topics of its intended questions. *Id.* at 8 ("And the questions they intend to pose, which will relate to who created the Copyright Assignment Agreement, when the Copyright Assignment Agreement was created, when the Copyright Assignment Agreement was executed, and where the Copyright Assignment Agreement was executed . . . .").

McCallum principally challenges the Subpoena under Rule 45(d)(3)(A)(iii), asserting that it seeks information protected from discovery by the attorney-client privilege or attorney work product. Second Motion to Quash at 4-6. The court respectfully disagrees and concludes that, although questioning of McCallum could certainly stray into matters that are privileged or call for work product, many questions regarding the nature of the Assignment and McCallum's role in preparing it are appropriate topics of discovery. Before addressing the issues of privilege and work product, the court notes its finding that the authenticity of the document purporting to grant Mr. Fernandez the copyright at the center of this copyright infringement case is unquestionably relevant.

    A.    <u>*Attorney-Client Privilege*</u>

The attorney-client privilege protects "confidential communications by a client to an attorney in order to obtain legal assistance from the attorney in his capacity as legal advisor," as well as those communications from counsel to client that would "have a tendency to reveal the confidences of the client." *In re Grand Jury*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citations and internal quotation marks omitted). "A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed." *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

Generally speaking, the underlying facts surrounding McCallum's preparation of the

---

[1] Rosita's mentions, and the court observes as well, that the Assignment appears to have been created using a computer word processor—a rarity back in 1984. Response at 3 n.3.

Assignment cannot be privileged, for multiple reasons. First, McCallum's role, and the services McCallum provided, is not a communication. *See Coorstek, Inc. v. Reiber*, No. 08-cv-01133-KMT-CBS, 2010 WL 1332845, at *7 (D. Colo. Apr. 5, 2010) ("[A]cts or services performed by an attorney during the course of representation are not within the privilege because they are not communications[,]" and "[t]he subject matter of meetings with an attorney, the persons present, the location of the meetings, or the persons arranging the meetings are not protected by the privilege.") (citations and internal quotation marks omitted); *see also In re CCA Recordings 2255 Litig. v. United States*, 337 F.R.D. 310, 326 (D. Kan. 2020).

Second, "[t]he attorney-client privilege protects the substance of a communication between counsel and client"; it does not apply to items like "the *fact* that such communications took place." *Plaza Ins. Co. v. Lester*, No. 14-cv-01162-LTB-CBS, 2015 WL 3528336, at *6 (D. Colo. June 4, 2015) (emphasis in original, citation omitted). Asking a McCallum representative when or how the Assignment was created would not reveal the substance of any request or provision of legal advice between McCallum and Mr. Fernandez.

    B.    <u>Attorney Work Product</u>

McCallum also cannot invoke the work-product doctrine as a bar to the deposition. The work-product doctrine only applies to documents or information prepared in anticipation of litigation. When assessing work product, the ultimate inquiry goes to "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the *prospect* of litigation." *Martin v. Monfort, Inc.*, 150 F.R.D. 172, 173 (D. Colo. 1993) (citations and internal quotation marks omitted, emphasis in original). Absolutely nothing about the Assignment—which purportedly was created forty years ago—indicates that it was prepared with litigation in mind. This alone disclaims the notion that the work-product doctrine can be raised at all.

Even if the Assignment were created in anticipation of litigation, the court would allow the deposition because the authenticity of the Assignment is so fundamentally relevant to this case that there would be an overriding need for this discovery. And this leads the court to its last point on this particular issue. Again, assuming that the Assignment was work product, Mr. Fernandez cannot utilize the doctrine as both a sword and shield. He cannot hope to use the Assignment to support his case while simultaneously arguing that the facts surrounding that document are not discoverable. *Ryall v. Appleton Elec. Co.*, 153 F.R.D. 660, 663 (D. Colo. 1994) ("Indeed, were Appleton to use this information at trial, it would waive any work product immunity or attorney-client privilege.") (citing *United States v. Nobles*, 422 U.S. 225, 239 n.14 (1975) ("[W]here . . . counsel attempts to make testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of

documents.")).

  C. <u>Technical Defects</u>

  McCallum also maintains that the Subpoena is deficient for various technical reasons. These defects include Rosita's alleged failure (1) to notify the other defendants before issuing the Subpoena; (2) to make a good faith effort to comply with D.C.COLO.LCivR 30.1; and (3) to contact McCallum before serving the Subpoena. Each purported defect is irrelevant or will be moot in light of the court's rulings below. First, Rule 45(a)(4) does require notice to other parties. Still, the court does not find that this warrants the relief McCallum seeks because the court's rulings below will provide the notice required to the other parties and cure any defects. The same can be said regarding any purported violation of Local Rule 30.1. Finally, there is no requirement that Rosita's contact McCallum before it issue the Subpoena.

  For these reasons, the Motion to Quash, ECF No. 149, is **DENIED as moot**, and the Motion to Quash, ECF No. 160, is **DENIED**.

**II.** **Motion for Hearing and Other Miscellaneous Matters**

  First, the Motion for Hearing, ECF No. 164, is **DENIED**, as the court does not find that such a hearing necessary. Second, Rosita's has informally contacted the court via email regarding the court's Order staying depositions until the other defendants and Mr. Fernandez attend private mediation. *See* ECF No. 159. Rosita's asks that it be exempt from that Order and be permitted to take depositions because it has not been invited to participate in the private mediation. In the alternative, it asks that the court require its participation at the private mediation. The court respectfully denies both requests.

  The court stayed depositions by any party to ensure that discovery did not proceed on multiple tracks. The court declines to revisit that decision.

  Further, assuming that the undersigned magistrate judge is authorized to order Mr. Fernandez to permit Rosita's to attend the upcoming private mediation, the court does not believe it prudent to direct an unwilling party to do so. *See United States v. Ridley's Fam. Markets, Inc.*, 525 F. Supp. 3d 1355, 1357-58 (D. Utah 2021) ("Although a court has inherent authority to order mediation as a way of managing the litigation before it, the court must be mindful that when mediation is forced upon unwilling litigants, it stands to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation under such circumstances may well be inefficient.") (cleaned up). While the court would hope that Mr. Fernandez could see the utility in trying to resolve this matter completely with all parties in attendance at the private mediation, the court sees limited utility in

mandating that he negotiate with Rosita's in that manner. That being said, the court is willing to facilitate settlement negotiations between these parties and reserves its right to order that they attend a settlement conference with the undersigned magistrate judge.

Finally, the court observes with regret that the parties have not always conducted discovery with the cooperation or professionalism that this court expects. Therefore, the court deems it necessary to provide specific directions concerning McCallum's deposition. Rosita's, McCallum, Mr. Fernandez, and any other defendant who wishes to depose McCallum, shall provide a status report by no later than **January 28, 2025**, or, in the event that there are objections to this Order, **three days after the resolution of those objections**, identifying dates for McCallum's deposition. Further, because the court anticipates that the deposition of McCallum will be marked by objections that will require the court's involvement to resolve, it is further ordered that McCallum's deposition shall take place on the fifth floor of the Alfred A. Arraj courthouse, located at 901 19th Street, Denver, Colorado, to allow the court to immediately rule on any objections. Additionally, upon consideration of the limited scope of inquiry, the court determines that it is appropriate to limit the deposition to **three (3) hours of on-the-record time**, including both questioning and testimony.

IT IS SO ORDERED.[2]

DATED: January 10, 2025        BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").