IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01382-GPG-SBP

JOSE PABLO FERNANDEZ,

    Plaintiff,

v.

TEQUILAS INC., et al.,

    Defendants.

---

## ORDER ON DISCOVERY DISPUTES

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court after the parties contacted the undersigned magistrate judge regarding yet another set of discovery disputes. The court asked the parties to submit a joint discovery statement summarizing their disputes and respective positions on each issue. Rather than filing a single statement, the court received a "joint" statement from plaintiff ("Mr. Fernandez"), a memorandum from three defendants the court will collectively refer to as "Rosita's", and a third memorandum from the remaining defendants ("Defendants"). Based on those submissions, there are three issues for the court to resolve.

### Background

*Issue #1*. The first issue concerns whether Defendants have disclosed all relevant insurance policies. Mr. Fernandez maintains that Defendants have fallen short of the disclosure requirements contained in Federal Rule of Civil Procedure 26(a)(1) and raises the specter of bad faith and a violation of Rule 26(g)(3). For their part, Defendants insist that they have made their

1

disclosures in good faith and tell the court that they are prepared to supplement their disclosures of any insurance policies. Because the parties failed to prepare a *joint* discovery statement, the court cannot assess whether Mr. Fernandez is satisfied with this arrangement. Moreover, because Mr. Fernandez claims damages from 2018 but has also indicated that he may pursue damages from as far back as 1999, the court still cannot fully grasp the extent of the issue at hand as Mr. Fernandez does not make clear whether he seeks insurance policies from 2018, 1999, or some other date.

*Issue #2*. The next issue goes to the scheduling of depositions. Mr. Fernandez intends to take 30 depositions (28 having already been noticed) but complains that Defendants have failed to engage in the scheduling of these depositions. Mr. Fernandez has scheduled most, if not all, of the noticed depositions for February 10 through 24, but Defendants insist that they were not consulted before Mr. Fernandez selected these dates. Furthermore, Defendants note that Mr. Fernandez has noticed more depositions than his allotment under Rule 30(a)(2)(A)(ii). Defendants then ask that the court extend the discovery deadline to allow the parties to schedule the remaining depositions. Additionally, Rosita's raises a dispute regarding the scheduling of Mr. Fernandez's deposition, saying that he has not responded to its attempts to find a date for his deposition.

*Issue #3*. Lastly, Rosita's and Mr. Fernandez trade allegations of insufficient responses to discovery requests, but neither provides any detail as to the alleged insufficiencies.

## Analysis

The court begins by observing that the parties' inability to comply with the court's request for a joint discovery statement is emblematic of why the parties have had so many

2

disputes requiring intervention by this court. The parties' disjointed discovery statements severely hamper the court's ability to informally resolve the parties' disagreements. There is good reason for requiring the parties to work together and to provide a single, joint statement.[1] First and foremost, a joint statement requires the parties to collectively settle on how to frame the issues to be resolved. This is critical for the court's purposes because it helps ensure a dispute is clear and focused on what is genuinely at issue. Second, requiring the parties to come together to prepare a statement provides a final opportunity for them to find a collaborative solution without the need for the court's involvement.

Compounding this, the parties have included several barebones descriptions of disputes that simply inform the court that a dispute exists but nothing more. While the court's informal discovery dispute procedures are meant to save the parties the time and resources that would be required by formal motions practice, the court still needs to understand what it has been called on to sort out. Without a sufficient understanding of the issues before it, it is impossible for the court to provide meaningful guidance or to actually try and resolve a dispute.

The court now turns to the present disputes. Regarding the disclosure of insurance policies and related documents, **IT IS ORDERED** that Defendants shall make a good-faith effort to supplement their disclosures by no later than **February 21, 2025**. After Defendants have supplemented, counsel for all parties shall confer by telephone or videoconference to discuss

---

[1] Mr. Fernandez labeled his statement as "joint," however, the signature block on his statement only contains the names of his attorneys, and there appears to have been no input from any of the defendants per the memoranda from Rosita's and Defendants. The court does not believe that Mr. Fernandez intended to mislead the court, however, his statement had that effect. The court hopes that the parties keep this in mind for future submissions to the court.

whether the disclosures are sufficient. The parties shall then file, by no later than **March 7, 2025**, a <u>single</u> status report with signatures from each party indicating whether this issue has been resolved.

As to the scheduling of depositions, the court notes that the Scheduling Order, ECF No. 83, states that "[t]he Parties shall be limited to 5 depositions per party." *Id.* at 14. A review of the docket indicates that Mr. Fernandez has not sought—nor has the court granted—leave to take more than five depositions. To their credit, Defendants appear willing to stipulate to additional depositions if Mr. Fernandez shows good cause and confers regarding scheduling. Again, because the parties have not prepared a joint statement in the manner the court anticipated, Mr. Fernandez has not addressed the issue of the number of depositions or Defendants' proposed compromise.

**IT IS ORDERED** that the deadline for discovery is extended to **May 29, 2025**, and <u>all</u> depositions noticed by Mr. Fernandez and Mr. Fernandez's own deposition are **stayed**. The parties are directed to confer and to arrive at a number of depositions to which the parties can stipulate. They shall also confer regarding the dates of any deposition agreed to (including the date of Mr. Fernandez's deposition). The parties shall notify the court in their joint status report due March 7 whether they reached a consensus on the number of depositions and their scheduling. Absent an agreement on both issues, the parties will be required to attend an in-person hearing on March 13, 2025, where the court will unilaterally set the number of depositions to be taken and the dates of those depositions.

The last issue before the court is the claims of insufficient discovery responses between Rosita's and Mr. Fernandez. In recent months, counsel for both sides have levied increasingly

4

grave accusations against one another. The court is troubled by this and sincerely hopes that counsel can return to a state of civility in their professional interactions. To aid in this, and to help resolve any issue regarding insufficient discovery responses, counsel for both parties shall meet <u>in person</u> by no later than **February 21, 2025**, to discuss their discovery disputes and to establish a plan for completing the remainder of this litigation in a professional manner.[2] Counsel shall then file a joint status report by **February 26, 2025**, describing the details of their meeting (such as when and where they met), the topics of their conversation, and how they resolved or plan to resolve the discovery dispute between their clients.

Finally, the court reiterates its disappointment that the parties have not consistently exhibited the cooperation or professionalism that the court expects during discovery. ECF No. 171 at 5. While the court believes that the measures adopted in this Order are sufficient to ensure the completion of the discovery process without additional disputes, should the parties prove the court mistaken, they are on notice that the court will consider issuing a recommendation that Judge Gallagher appoint a special master to oversee the remainder of discovery.

For these reasons, the court **ORDERS** as follows:

(1) Defendants shall supplement their initial disclosures by **February 21, 2025**;

(2) The discovery deadline is extended to **May 29, 2025**;

(3) The parties shall confer by videoconference or telephone and submit a joint status report by no later than **March 7, 2025**, regarding the sufficiency of Defendants' supplemental disclosures, the number and dates of depositions to be taken by Mr. Fernandez, and the date of

---

[2] Only one attorney for each side need attend.

Mr. Fernandez's deposition; and

(4) Counsel for Rosita's and Mr. Fernandez shall meet in person by **February 21, 2025**, and submit a joint status report by no later than **February 26, 2025**.[3]

DATED: February 6, 2025			BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").