**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01382-GPG-SBP

JOSE PABLO FERNANDEZ,

Plaintiff,

v.

TEQUILA'S INC, et al.

Defendants.

---

**DEFENDANTS' MOTION FOR SANCTIONS**
**UNDER FED. R. CIV. P. 11(b) AND 28 U.S.C. § 1927**

---

Defendants, Rosita's Mexican Restaurant, Inc. d/b/a Casa Tequila Evergreen ("Rosita's"), 3G Engagement LLC ("3G"), and Restaurantly LLC ("Restaurantly") (collectively, "Defendants"), through undersigned counsel, respectfully move this Court, pursuant to Fed. R. Civ. P. 11(b), to impose the appropriate sanctions against Plaintiff's counsel for signing, filing, and advocating a motion that lacks factual and legal support and was not formed after a reasonable inquiry.

Plaintiff's Opposition Brief, ECF No. 223, rests on a demonstrably false and objectively unreasonable premise – namely, that the U.S. Copyright Office "*does not maintain or provide copies of the applications that are submitted through the electronic registration system,"* and thus, that **no copyright *application* exists at all**. *See* ECF No. 223 at 5. That assertion was presented as a statement of law purportedly supported by quotations and citations that are misattributed, materially misleading, or wholly nonexistent, yet formatted to appear as governing authority. These representations are

in direct violation of Fed. R. Civ. P. 11(b)(1) – (4), which require that motions be warranted by existing law and that factual contentions have evidentiary support.

Plaintiff's counsel further compounded these misrepresentations by attaching exhibits that are irrelevant, inaccurate, or incomplete. Among them is a declaration from a staff member whose statements – framed as purported expert explanation – serve only to reinforce that the underlying copyright application **exists**, is **readily accessible** to Plaintiff's counsel, and ***was withheld*** from production. Such use of misleading evidentiary material violates Fed. R. Civ. P. 11(b)(3)-(4), which require that factual contentions have evidentiary support and that denials be reasonably based on information and belief.

In this way, Plaintiff's Opposition Brief serves no legitimate purpose other than to deflect from the central issue and to burden both the Court and opposing counsel – conduct that falls squarely within the improper purpose prohibited by Fed. R. Civ. P. 11(b)(1). Collectively, these violations contravene Fed. R. Civ. P. 11(b)(1) – (4), which require that filings be warranted by existing law, supported by evidence obtained through a reasonable inquiry, and not presented for any improper purpose such as to cause unnecessary delay or needless expense.

## I. CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 11(C)(2)

Pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendants served Plaintiff's counsel with a draft of this Motion for Sanctions on October 27, 2025. Exh. A. Service was made via email, thereby commencing the twenty-one (21) day safe-harbor period required by Rule 11(c)(2). Plaintiff's counsel responded during the safe-harbor

period but did not withdraw or correct the challenged filing. Exh. B. Accordingly, Defendants now file this Motion for Sanctions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) requires that any pleading, written motion, or other paper presented to the Court be (1) free from improper purpose, (2) be warranted by existing law or by a nonfrivolous argument for a change in the law, (3) supported by evidentiary facts, and (4) not based on unwarranted denials. Each of these four requirements constitutes a representation to the Court, certified by counsel upon submission.

When any of these representations are violated, Rule 11(c) authorizes the Court to impose sanctions sufficient to deter repetition of the conduct. Sanctions under Rule 11 may include monetary penalties, the payment of the opposing party's reasonable attorney's fees and expenses, and any other directive necessary to deter future violations and remedy the harm caused. Fed. R. Civ. P. 11(c)(4).

Separately, 28 U.S.C. § 1927 provides an independent basis for sanctions where an attorney "multiplies proceedings in any case unreasonably and vexatiously." When that standard is met, the statute requires the offending attorney to satisfy the "excess costs, expenses, and attorney's fees reasonably incurred" because of such conduct. *Id.* The Tenth Circuit has long held that § 1927 sanctions are appropriate where counsel engages in conduct reflecting a reckless disregard of duties owed to the court or knowingly advances frivolous or false arguments that needlessly expand litigation. *See* Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc); Steinert v. Winn Grp., Inc., 440 F.3d 1214, 1224-25 (10th Cir. 2006).

Together, Rule 11(b), Rule 11(c) and 28 U.S.C. § 1927 empower the Court to address filings that lack factual or legal foundation, impose remedies proportionate to the violation, discourage improper litigation conduct, and safeguard the integrity of judicial proceedings.

## III. LEGAL ARGUMENT

### A. Plaintiff's Counsel's Representation That The U.S. Copyright Registration Application "Does Not Exist" Is Demonstrably False.

Plaintiff's entire Opposition Brief, ECF 223, contains deliberate and repeated misstatements of law and fact, in violation of counsel's duty of candor under Fed. R. Civ. P. 11(b). The number, consistency, and nature of these misrepresentations demonstrate that they were not the result of mistake or misunderstanding, but an intentional effort to advance a narrative contradicted by the very authorities and evidence Plaintiff cites.

While numerous misrepresentations appear throughout Plaintiff's briefing, this motion addresses only the most consequential examples – beginning with counsel's misuse and emphasis of legal authority that is either nonexistent, misleading, or stripped of its proper context to advance a false narrative.

### B. Plaintiff's Counsel's Advancement of Inaccurate, Misleading and Nonexistent Legal Authority in Violation of Fed. R. Civ. P. 11(b)(2)

#### 1. Plaintiff's Interpretation of Title 17 Is Incorrect and Materially Misleading.

The most significant violation of Fed. R. Civ. P. 11(b) appears in the introduction of Plaintiff's Opposition Brief, under the section titled, *"There is no 'Application' – a Fundamental Misunderstanding by Defendants."* This 13-page argument forms the

cornerstone of Plaintiff's opposition and is built entirely on a false premise, as it opens with the assertion:

> *"By statute and regulation, a copyright application consists of a data upload submitted electronically together with the required fee and deposit. See 17 U.S.C. § § 408-410; 37 C.F.R. §202.3(b)(2)(i)."*

*See* Plaintiff's Opposition Brief, ECF No. 223 at 3 ¶ 4.

However, none of the cited provisions support the assertion that a copyright registration application record "does not exist." Rather, these sections define the three statutory components and process of registration – *not* the discoverability or existence of the underlying application record.

Indeed, the very structure and headings of the cited provisions in Title 17 of the United States Code demonstrate Congress's intent to create a permanent and traceable record of the registration process. 17 U.S.C. § 408 *("Copyright Registration in general"*), § 409 (*"Application for copyright registration"), §* 410 (*"Registration of claim and issuance of certificate"), §* 705 *("Copyright Office Records: Preparation, maintenance, public inspection, and searching*"), and § 709 *("Delay in delivery caused by disruption of postal or other services"*) together outline a coherent and sequential statutory scheme. These provisions collectively reflect that the registration process begins with a formal application, proceeds through examination, and culminates in the creation and maintenance of official records by the Register of Copyrights. Plaintiff's interpretation, by contrast, would render these interconnected provisions meaningless.

As an example, 17 U.S.C.§ 408(a) provides that registration may be obtained by delivering to the Copyright Office "the deposit specified by this section, together with the *application* and fee specified by 17 U.S.C.§§ 409 and 708. 17 USC § 408(a). In this

way, the statute expressly identifies three distinct components necessary for registration: (1) the deposit under § 408, (2) the application under § 409, and (3) the filing fee under § 709.

Additionally, 17 U.S.C.§ 409 explicitly states in its opening clause that "The *application* for copyright registration shall be made on a form *prescribed* by the Register of Copyrights (*emphasis* added). 17 U.S.C § 409. This language reflects Congress's intent to require a *prescribed*, *standardized form* to capture and preserve specific identifying information – such as the title, author, and publication details. It does not describe an informal or transient submission of data.

Likewise, 17 U.S.C.§ 705 contradicts Plaintiff's position. The statute requires the Register of Copyrights to maintain records of all actions taken under Title 17. Although § 705 does not list "applications" by name, it requires the Office to maintain records of "deposits, registrations, recordations, and other actions taken under this title." 17 U.S.C. § 705. Filing an application, therefore, is the initiating "action" under Title 17 that triggers examination and registration. Accordingly, the *application* necessarily falls within the category of "other actions taken under this title" that must be recorded and maintained.

Nothing in Title 17 negates the existence of a copyright application. Read together, the statutory provisions cited by Plaintiff's counsel confirm that the copyright application is a preserved and integral component of the registration record – not a transient data submission. Plaintiff's contrary representation to the Court misstates the plain statutory text and structure, and, consequently, is not warranted by existing law or any nonfrivolous argument for its extension, in direct violation of Rule 11(b)(2).

**2. Plaintiff's Counsel's reliance on Title 37 of the Code of Federal Regulations Is Equally Misplaced and Unsupported By Law.**

Plaintiff's counsel further asserts:

> *"Together, these provisions establish that the "application" exists solely as electronic data within the Office's system and does not exist as a tangible document capable of being produced."*

*See* Plaintiff's Opposition Brief, ECF No. 223 at 4 ¶ 4. (Citing 37 C.F.R. § 202.3(b)(2)(i), 202.3(b)(2)(ii), and § 201.8.

This statement finds no support in the cited authorities. 37 C.F.R. § 201.8, titled *Disruption of Postal or Other Transportation or Communication Services*, addresses the establishment of proper filing dates for materials that were delayed or lost during transmission to the Copyright Office. It does not define the nature, form, or producibility of a copyright application.

By contrast, §§ 202.3(b)(2)(i) and 202.3(b)(2)(ii) expressly distinguish between online and paper applications, each referring to "an application for registration." This distinction makes clear that the Copyright Office recognizes both online and paper applications as discrete, tangible applications – not as ephemeral "data uploads."

In this way, and apart from § 201.8's own references to applications, these regulations reinforce the Copyright Office's own distinction between electronic and paper applications – each recognized as a valid, tangible application form rather than a mere transient data submission.

When read in context, Plaintiff's citations to Title 37 of the Code of Federal Regulations do not support the Plaintiff's conclusion that the "application" exists solely as electronic data within the Office's system or that it cannot be produced as a tangible document. To the contrary, the cited sections confirm the opposite.

Thus, it was unreasonable for Plaintiff's counsel to rely on these regulations in this manner. Plaintiff's argument not only mischaracterizes both the scope and content

of each cited regulation, but also improperly extrapolates from their narrow, context-specific provisions to advance a broader – and nonexistent – claim that the U.S. Copyright Office does not maintain, and cannot produce, the application record itself. Such a misrepresentation is not warranted by existing law and violates Fed. R. Civ. P. 11(b)(2).

**3. Plaintiff's Counsel's Reliance on Nonexistent Quotations and Inaccurate Citations in Violation of Fed. R. Civ. P. 11(b)(2)**

Plaintiff's Opposition Brief centers on the core assertion – emphasized with quotation marks, italics, and underlining – that:

> *"[T]he Office does not maintain or provide copies of the applications that are submitted through the electronic registration system. The information provided by the applicant is stored in the Office's records and forms the basis for the public record of the registration."* ECF No. 223 at 5 (*citing Compendium § 204.3(B))."*

This statement appears nowhere in the original citations and nowhere in the entire *Compendium of the U.S. Copyright Office Practices* (3d ed. 2021). A simple electronic search (e.g. using the "Ctrl + F" function) confirms that the quoted language is entirely absent from the cited provisions and from the Compendium as a whole. In fact, § 204.3(B) addresses deposit copy(ies) submitted in physical format, rendering the entire citation immaterial to the electronic application (eCO) process at issue.

Plaintiff's citation to §1802.8(A) is equally misplaced. That section - *Correction and/or Amplifying the Basic Registration* – concerns supplemental registrations, not the initial copyright registration application.

After conceding during the October 14, 2025 hearing that their prior citations were incorrect, Plaintiff's counsel excused the misquotations as having been "carried over" inadvertently. Exh. C. At the Special Master's direction, Plaintiff's counsel later

proposed an amendment that, while still relying on the same false premise, merely removed the quotation marks and the original citation to § 204.3(B), and replaced that citation with a new and lengthy string citation: 17 U.S.C. §§ 409-410, 705(a); 37 C.F.R. § 202.3(b)(2)(i); and Compendium §§ 204.1, 2402, and 1802.8(A).

Plaintiff's resulting passage, even without the quotation marks and misattributed citation to § 204.3(B), remains misleading and wholly nonexistent, as it is presented in the style of an official agency statement and is bolstered by an additional string of unrelated and inaccurately cited authorities - 17 U.S.C. §§ 409-410, 705(a); 37 C.F.R. § 202.3(b)(2)(i); and Compendium §§ 204.1, 2402, § 1802.8(A).

For the reasons explained *infra*, neither Title 17 of the United States Code nor Title 37 of the Code of Federal Regulations supports Plaintiff's false premise that there is no copyright registration application or that U.S. Copyright Office does not maintain such applications. As undersigned fully briefed both in reply to Plaintiff's Opposition Brief and at oral argument, no such language exists: nowhere in the *Compendium* – nor in any of the Plaintiff's cited authorities – is there an express or implied statement that "*the Office does not maintain or provide copies of electronically filed applications*." ECF No. 223 at 5.

Indeed, none of the cited sections – § 204.1, ("Completed Application") (Exh. D), § 1802.8(A), ("Completing the Online Application") (Exh. E), and § 2402, ("The Records Research and Certification Section (RRCS)"(Exh. F)) – contains any such statement that "*the Office does not maintain or provide copies of electronically filed applications.*" To the contrary, each provision confirms the existence of a completed application record and mechanisms by which the Office maintains and provides access to it.

**4. Plaintiff's Counsel's Demonstrated Expertise in the Registration Process Undermines Their Factual Denial of the Application's Existence in Violation of Rules 11(b)(2), 11(b)(3), and 11(b)(4)**

Plaintiff's Opposition compounds this misconduct through a six-page narrated walkthrough of the U.S. Copyright Office's Electronic Copyright (eCO) Registration System's application process. That detailed (and irrelevant) explanation – supported by Plaintiff's own exhibits – serves only to demonstrate counsel's extensive familiarity of the eCO portal and the specific steps required to file, confirm, and retrieve a copyright application. Yet, despite this demonstrated expertise, Plaintiff advances the position the demonstrably false premise that no copyright *application* exists.

In that same explanation, Plaintiff's counsel cites – and attaches twice – the U.S. Copyright Office's submission email generated on the date the copyright application was filed, while simultaneously asserting that because no "application" was attached, the application itself does not exist. This reasoning improperly conflates the absence of an attachment with the nonexistence of the underlying application. Plaintiff's reliance on that very submission email, however, confirms that an application was generated and that Plaintiff's counsel had immediate access to it through their own eCO account.

On its face, the U.S. Copyright Office email confirmation – issued the same day the application was submitted – expressly states:

> "*A printable copy of the **application** will be available within 24 hours by clicking the **My Applications** link in the left topmost navigation menu of the Home Screen*." (Emphasis added.) *See* Exh. G.

This language leaves no room for ambiguity: the application exists, was generated through Plaintiff's eCO account, and has been accessible to Plaintiff's counsel from the moment of filing. Having cited and attached this very confirmation

email twice, Plaintiff's counsel cannot credibly claim ignorance of its plain meaning. Their continued insistence that no application exists is, therefore, not a mistaken understanding of procedure; it is a calculated misrepresentation of fact – advanced first through a seventeen-page filing supported by thirty-eight pages of exhibits and now repeated in Plaintiff's response in Opposition to Defendants' Objection to Special Master's Order. *See* ECF No. 234.

Collectively, Plaintiff's six-page narration of the eCO filing process and their own submission of the Copyright Office's confirmation emails establish that they knew, or should have reasonably known, that the application exists. By asserting otherwise, Plaintiff's counsel has advanced arguments neither warranted by existing law nor supported by evidence in clear violation of Fed. R. Civ. P. 11(b)(1)-(4).

**5. <u>Plaintiff's Selective Presentation of Evidence and False Denial of the Application's Existence Constitute Violations of Fed. R. Civ. P. 11(b)(3)-(4).</u>**

Plaintiff's false premise is further undermined by the declaration of Plaintiff counsel's own staff member, Amy L. Wallace, whose sworn statements confirm that the copyright application exists and has not been produced.

Ms. Wallace, signing under the penalty of perjury, emphasizes her 34 years of intellectual property experience and her involvement in filing more than 200 eCO application filings. ECF No. 223-5 at 2 ¶¶ 4, 6. Later in the same declaration, she attests that she provided "*all documents, emails, <u>applications</u>, and registration records related to this copyright*," – an explicit acknowledgement that an application exists. *Id*. at 3 ¶ 13. Yet, she simultaneously asserts that the exhibits attached to Plaintiff's opposition accurately depict the *communications* produced in discovery, omitting the very *application* record her earlier statement presupposes. *Id.* at 3 ¶ 15.

This selective omission distorts the factual record and demonstrates that Plaintiff's counsel knew the application was never produced. Yet Plaintiff's counsel attempted to obscure that absence by providing detailed descriptions of the eCO filing process, invoking their own purported expertise (and that of their staff), and relying on confirmation emails – cited and attached twice – that explicitly reference the application. The record therefore establishes that the application was known, readily accessible, and deliberately withheld.

Accordingly, the issue is not whether an application exists, but that Plaintiff denied its existence while possessing evidence to the contrary. This conduct violates Fed. R. Civ. P. 11(b)(2) by advancing contentions not warranted by law or fact, and Fed. R. Civ. P. 11(b)(3)-(4) by making factual assertions without evidentiary support and by denying the existence of evidence plainly within Plaintiff's counsel's knowledge and control.

**6. Plaintiff's Counsel's Violations of Fed. R. Civ. P. 11(b) Have Caused Substantial Prejudice, Needless Expense, and Harm to Defendants and to The Integrity of These Proceedings**

This dispute did not arise late in discovery; it began before this lawsuit was filed, when Defendants first requested the complete copyright registration record in April 2023. Exh. H. Once filed, Plaintiff's counsel made shifting representations regarding the existence and availability of the application – representations that ultimately culminated in their outright denial that the application existed at all, despite three separate Court orders expressly recognizing its existence and requiring its production. *See* ECF Nos. 109, 215, 216.

Plaintiff's counsel's repeated misstatements of law and fact have caused significant, measurable prejudice to Defendants within the meaning of Federal Rule of Civil Procedure 11(b)(1) – (4). By advancing legal contentions not warranted by existing law, asserting factual positions without evidentiary support, and presenting arguments that served no purpose other than to delay and obscure the production of a plainly discoverable and material document, counsel's actions have needlessly increased the cost of litigation and hindered the efficient resolution of this case.

At every stage, Defendants had to confront various shifting explanations – and now, this same false premise – in multiple court-ordered conferrals (e.g., ECF Nos. 113, 185, 193) and conferences before the Special Master (e.g., ECF Nos. 215, 216, 222, 227), further compounding the burden and expense. Even now, after receiving this Rule 11 notice, Plaintiff's counsel continues to maintain the same demonstrably false position. In their most recent filing, Plaintiff's Response in Opposition to Defendants' Objections (ECF No. 234, filed November 16, 2025), counsel again repeats the very premise shown to be unsupported by statute, regulation, or the Copyright Office's own documentation, and again relies on improper evidence and argument. This continued insistence underscores that the misrepresentations are not inadvertent, but part of an ongoing litigation strategy that has multiplied proceedings and increased costs.

As a direct result of these misrepresentations, Plaintiff's counsel's assertions – contrary to the plain text of Title 17 and the U.S. Copyright Office's own documentation – were accepted at face value by the Special Master, who expressly denied the Defendants' Second Motion to Compel based on Plaintiff's premise that "*the practice in the U.S. Copyright Office is to not maintain copies of an application*." ECF No. 227 at 4

¶ 3 (relying on Plaintiff's amended but still inaccurate citation to Compendium § 1802.8(A)(4), a provision that contains no such statement). In doing so, the Special Master relied on the "amended," yet still inaccurate, citation to *Compendium* § 1802.8(A)(4) (3d. ed. 2021) – a provision that does not state or support the proposition for which it was cited. Exh. E.

The Special Master's reliance on Plaintiff's misrepresentation further compounded the prejudice to Defendants by entrenching a false premise, prolonging the dispute, and delaying the production of a document that the Court had already ordered to be produced on multiple occasions. Plaintiff's premise – unsupported by any authority and based on provisions either taken wholly out of context or entirely nonexistent – violates Fed. R. Civ. P. 11(b)(2) by advancing legal contentions not warranted by existing law, and separately violates Rule 11(b)(1), (3), and (4), by asserting factual positions without evidentiary support, denying the existence of evidence known to them, and needlessly multiplying proceedings. As a result, both the Special Master and the Court were required to expend significant resources addressing disputes premised on a position that was demonstrably false on its face.

This conduct has also imposed an undue burden on undersigned counsel, who has been repeatedly forced to defend accurate and well-founded objections against unfounded claims of misunderstanding. Plaintiff's filings and representations – rather than clarifying the issues - have diverted the Court's focus from the actual matters in dispute. These clear violations of Fed. R. Civ. P. 11(b), including the presentation of arguments lacking legal or factual foundation, materially increased litigation costs, prolonged discovery, and delayed the resolution of this case.

### C. Sanctions Are Warranted Under Rule 11(b) and 28 U.S.C. § 1927

The resulting prejudice is clear and measurable: Defendants have incurred significant expense responding to baseless filings and judicial resources have been diverted to resolve disputes that should never have arisen. This sustained course of conduct has imposed significant and unnecessary burdens on both Defendants and the Court.

Plaintiff's conduct independently satisfies each subsection of Fed. R. Civ. P. 11(b). First, Rule 11(b)(1) forbids filings presented for an improper purpose, including to "cause unnecessary delay" or "needlessly increase the cost of litigation." For seventeen months – and across multiple filings, conferrals, and hearings – Plaintiff's counsel maintained that the copyright application was either produced, is public record, or ultimately, "does not exist," despite having immediate access to it through their own eCO account, which reflects an intentional effort to obstruct discovery and divert attention from their failure to comply with Court orders and from the merits of this case.

Second, Rule 11(b) prohibits the advancement of legal contentions not warranted by existing law. As demonstrated supra, Plaintiff's citations to Title 17, Title 37, and the Compendium are nonexistent, misleading, or wholly inapplicable to the proposition asserted. Third, Rule 11(b)(3) is violated where factual contentions lack evidentiary support. Plaintiff's denial of the application's existence, contradicted by their own exhibits, including the Copyright Office e-mail explicitly stating that a printable application is available and the staff member's declaration acknowledging the application exists and was not produced, is flatly inconsistent with the record.

Finally, under Rule 11(b)(4), Plaintiff's denials must be reasonably based on information and belief. Plaintiff could not reasonably deny the existence of an application that they filed, received confirmation for, and could readily retrieve at any time. These accumulated violations demonstrate a reckless disregard of the duties owed to the Court and opposing counsel.

The same conduct also satisfies the Tenth Circuit's standard for sanctions under 28 U.S.C. § 1927. Section § 1927 authorizes sanctions when an attorney "multiplies the proceedings … unreasonably and vexatiously" and requires the offending attorney to pay the resulting excess costs and fees. In Braley v. Campbell, the Tenth Circuit held that § 1927 sanctions are appropriate when an attorney acts with "reckless disregard of the lawyer's duties to the court," and further explained that vexatious multiplication include circumstances where a filing is "hopeless, hence frivolous under any reasonable analysis;" "multiplicious because it unnecessarily extended the litigation;" and "vexatious … because [counsel's] briefing obfuscated the legal issues and complicated the defendants' and the court's task of sorting them out." 832 F.2d 1504, 1509 (10th Cir. 1987). Plaintiff's counsel's conduct fits this description precisely. Their shifting and contradictory explanations for the missing copyright application, their reliance on nonexistent authority, and their repeated mischaracterizations of controlling law mirror the type of obfuscation Braley identified as vexatious.

Likewise, in Steinert v. Winn Grp, Inc., the court reaffirmed that knowingly advancing frivolous or false arguments that prolong litigation constitutes vexatious multiplication of proceedings. 440 F.3d 1214, 1220-1222 (10th Cir. 2006). Plaintiff's counsel's repeated misstatements of law, factual denials contradicted by their own

documents, and continued reliance on nonexistent authority – after undersigned expressly provided notice in Defendants' Reply (ECF No. 224), again on the record during the October 14, 2025 hearing on Defendants' Motion to Compel, and after being placed on notice during the Rule 11 safe-harbor period - constitute precisely the type of reckless and vexatious conduct that § 1927 was enacted to deter.

Taken together, Plaintiff's counsel's conduct has forced Defendants to expend substantial, unnecessary resources and has repeatedly diverted the Court from the straightforward issue at the center of this case. Rather than advancing the litigation toward resolution, counsel's shifting positions, refusal to produce a document within their immediate control, and persistence in arguments known to be false have prolonged this matter for seventeen months and imposed burdens that fall squarely within the conduct condemned by Rule 11(b) and 28 U.S.C. § 1927.

Accordingly, sanctions are warranted under both Rule 11(b) and § 1927 to deter further misconduct, to compensate Defendants for the substantial prejudice incurred, and to protect the integrity of the judicial process.

**WHEREFORE,** Defendants respectfully request that the Court, pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927, impose sanctions sufficient to deter repetition of the conduct at issue, and to remedy the substantial prejudice caused over the past seventeen months, including:

(1) Shifting to Plaintiff's counsel all reasonable attorney's fees and costs incurred by Defendants, including but not limited to: (a) responding to Plaintiff's Opposition Brief (ECF 223); (b) responding to Plaintiff's subsequent Response to Objections (ECF 234); (c) preparing all related briefing; (d)

preparing for, drafting status reports for, and participating in court-ordered conferrals, including required follow-up submissions; and (e) preparing for and attending hearings before the Special Master and this Court – including the Special Master's fees necessitated by Plaintiff's counsel's conduct – all relating to the withheld application and the Plaintiff's use of fabricated or materially misleading legal authority;

(2) Requiring Plaintiff's counsel to satisfy the excess costs, expenses, and attorney's fees caused by the unreasonable and vexatious multiplication of the proceedings, consistent with 28 U.S.C. § 1927;

(3) Imposing any non-monetary sanctions the Court deems necessary to ensure compliance with duties of candor, accuracy, and professionalism under Rule 11(b);

(4) Issuing remedial relief sufficient to address the substantial prejudice Defendants have incurred, including measures tailored to restore the integrity of the discovery record and to prevent further reliance on fabricated or misleading authority; and

(5) Granting such further relief as the Court deems just and appropriate to deter future violations and to protect the integrity of these proceedings.

Respectfully submitted on this 24th day of November 2025,

_/s/Nimsy A. Garcia_
**Nimsy A. Garcia**
The Traveling Immigration Attorney, LLC
430 Indiana St
Golden, CO 80401
307-205-9044

nimsygarcia@outlook.com

*Counsel for Defendants,*
*Rosita's Mexican Restaurant, Inc. dba Casa Tequila Evergreen, 3G Engagement, LLC, and Restaurantly, LLC (collectively, "Defendants")*

**CERTIFICATE OF SERVICE**

I hereby certify that on 24 November 2025, a true and correct copy of the foregoing document was served via ECF on Plaintiff's counsel of record:

Jennifer McCallum
The McCallum Law Firm PC
jennifermccallum@mccallumlaw.net

Edward P. Bakos
Bakos Law LLC
ebakos@bakoslegal.com

and to Defendants' counsel: Suhail Rajakumar, srajakumar@cmlawfirm.com, Kevin R. Lussier, klussier@cmlawfirm.com, Colin Campbell, ccampbell@cwf-law.net, Michael D. Feng, mfeng@cmf-law.net, and rsam@samiplegalsolutions.com.

Respectfully submitted on this 24th day of November 2025,

*/s/Nimsy A. Garcia*
**Nimsy A. Garcia**