**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01382-GPG-SBP

JOSE PABLO FERNANDEZ,

      Plaintiff,

v.

TEQUILAS INC., *et al.*,

      Defendants.

---

**ORDER OVERRULING OBJECTIONS
AND ADOPTING SPECIAL MASTER'S ORDER**

---

**Susan Prose, United States Magistrate Judge**

This matter is before this court regarding the Order of Special Master Michael E. Hegarty filed on December 5, 2025. ECF No. 251 (the "Order" or "Special Master's Order"). The Order concerns the motion docketed at ECF No. 235 ("Motion") for a protective order and to quash service of a subpoena served on Nimsy Garcia, counsel for Defendants Rosita's Mexican Restaurant, Inc., 3G Engagement LLC, and Restaurantly LLC ("Defendants"). Defendants have objected to the Order at ECF No. 265 ("Objections"). For the reasons that follow, the court **OVERRULES** Defendants' Objections to the Special Master's Order and **ADOPTS** the Order in all respects.

*I.*    *Background*

This court has summarized the claims and procedural history in prior rulings and assumes the reader's familiarity with those rulings.

II.     Analysis

    A.     *The Special Master's Factual Findings Are Final.*

In acting on a Special Master's order, report, or recommendations, the court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). However, the Special Master's factual findings are not reviewable in the instant matter because the parties, with the court's approval, stipulated that the factual findings of the Special Master would be final. Fed. R. Civ. P. 53(f)(3)(B). The Order appointing the Special Master (the "Order of Appointment") provides: "In reviewing the actions of the Special Master, the parties will be deemed to have stipulated that findings of fact made by the Special Master will be final, except for a party who objects to this portion of the Order, in writing and filed with the Court, within seven (7) days of the date of this Order." ECF No. 202 at ¶ 8. No party objected to this provision of the Order of Appointment. Therefore, this court will not disturb the Special Master's findings of fact.

    B.     *The Special Master Reached Correct Conclusions of Law.*

The court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4).

Regarding Defendants' Objections, the court first notes that part of the relief requested in Defendants' Motion – that the court enter a protective order "staying and prohibiting the enforcement of the Subpoena" – is now moot, as the subpoena has been withdrawn. Defendants also request that the court "[p]rohibit further discovery directed at undersigned and Defendants without prior leave of Court," ECF No. 235 at 29, but good cause does not exist to issue such a prohibition. The subpoena has been withdrawn, Defendants' request is overly broad, and despite

2

Defendants' contention that conferral here would not have been productive, the court disagrees and finds that if counsel had complied with the duty imposed by Federal Rule of Civil Procedure 26(c) to confer before requesting a protective order, it is highly likely that the need to involve the court here would have been obviated entirely. And despite Defendants' implications otherwise within the Objections, in the Motion, Defendants only requested relief in relation to the subpoena, not in relation to the alleged actions of Plaintiff's counsel during a deposition. *See* ECF No. 235 at 29.

Similarly, Defendants request that the court award sanctions pursuant to Federal Rule of Civil Procedure 45(d)(1) and 28 U.S.C. § 1927 "as a result of the improper Subpoena." *Id.*; *see* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Defendants have made no showing that counsel for Plaintiff engaged in sanctionable conduct by issuing the subpoena, stating only that the subpoena was "based on a baseless claim of counsel's involvement in a transaction," *id.* at 27, that counsel for Defendants was provided with a "grossly minimal mileage fee of only $43" in connection with the subpoena, *id.*, and that the timing of the subpoena after becoming aware of Defendants' intent to seek sanctions and summary judgment—together with a later email from Plaintiff's counsel stating that any such forthcoming motions would be viewed as "personal"—"strongly suggests an improper and retaliatory purpose." *Id.* at 27-28. Defendants do not sufficiently address or explain why the claim of counsel's involvement in a transaction was "baseless," and the court disagrees that the behavior

3

of Plaintiff's counsel or the mileage fee suggests an improper or retaliatory purpose. In short, no

"serious and standard disregard for the orderly process of justice" is evidenced here. *See Miera v.*

*Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) ("Because § 1927 is penal in nature,

the award should be made only in instances evidencing serious and standard disregard for the

orderly process of justice.") (quoting *White v. American Airlines, Inc.*, 915 F.2d 1414, 1427

(10th Cir. 1990), and *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir.

1985) (internal quotation marks omitted)). And the relief Defendants request in the Motion does

not refer to the conduct of Plaintiff's counsel during the deposition, making consideration of that

alleged conduct unnecessary.

Finally, the court finds that there is good cause for the restrictions placed upon deposition

conduct by the Special Master. In reaching this conclusion, the court notes, inter alia, the issues

that gave rise to the Motion, as well as the parties' long habit of "adopting patterns of opposition

to any and all requests from opposing counsels," ECF No. 22, and their general lack of

cooperation throughout the course of this action. *See, e.g.*, ECF No. 214 at 1-2. The court further

finds that the restrictions imposed by the Special Master are minimal and are reasonably

calculated to facilitate more productive conduct in future depositions.

Accordingly, the Special Master's Order is adopted by this court. In closing, the court

respectfully warns the parties that going forward, **filing frivolous objections and failing to**

**confer with opposing counsel absent good cause could result in the court ordering briefing**

**on the question of whether sanctions should be awarded**.

4

*III.    Conclusion*

For each of the foregoing reasons, Defendants' Objections to the Special Master's Order

(ECF No. 265) are **OVERRULED** and the Special Master's Order (ECF No. 251) is

**ADOPTED**, in all respects.

IT IS SO ORDERED.[1]

DATED:  March 23, 2026                                        BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

5