IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01382-GPG-SBP

JOSE PABLO FERNANDEZ,

     Plaintiff,

v.

TEQUILAS INC., *et al.*,

     Defendants.

_____

**ORDER OVERRULING OBJECTIONS
AND ADOPTING SPECIAL MASTER'S ORDER**
_____

**Susan Prose, United States Magistrate Judge**

This matter is before this court regarding the Order of Special Master Michael E. Hegarty filed on December 15, 2025. ECF No. 255 (the "Order" or "Special Master's Order"). The Special Master's Order concerns a dispute regarding discovery obligations raised by Plaintiff. Defendants 3Gengagement, LLC, Entrprnrbox, LLC, and Rositas Mexican Restaurant ("Defendants") have objected to the Special Master's Order via their filing at ECF No. 269 ("Objections"). For the reasons that follow, the court **OVERRULES** Defendants' Objections to the Special Master's Order and **ADOPTS** the Order in all respects.

*I.    Background*

This court has summarized the claims and procedural history in prior rulings and assumes the reader's familiarity with those rulings.

II.     *Analysis*

      A.      *The Special Master's Factual Findings Are Final.*

In acting on a Special Master's order, report, or recommendations, the court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). However, the Special Master's factual findings are not reviewable in the instant matter because the parties, with the court's approval, stipulated that the factual findings of the Special Master would be final. Fed. R. Civ. P. 53(f)(3)(B). The Order appointing the Special Master (the "Order of Appointment") provides: "In reviewing the actions of the Special Master, the parties will be deemed to have stipulated that findings of fact made by the Special Master will be final, except for a party who objects to this portion of the Order, in writing and filed with the Court, within seven (7) days of the date of this Order." ECF No. 202 at ¶ 8. No party objected to this provision of the Order of Appointment. Therefore, this court will not disturb the Special Master's findings of fact.

      B.      *The Special Master Reached Correct Conclusions of Law*

The court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4).

Even presuming that the objecting Defendants have standing to challenge the Special Master's Order – which Plaintiff persuasively argues they do not,[1] *see* ECF No. 285 at 2 – the court finds that the objections raised by those Defendants are not compelling. In the Objections, Defendants first argue that Rule 53(f)(1) requires that "[i]n acting on a master's order, report, or

---

[1] As Plaintiff states, the Special Master's Order deals with discovery issues regarding the "Tequila's Nine" defendants, who are not represented by counsel for the moving parties here; indeed, the objecting parties do not appear to be directly affected by the Special Master's Order.

recommendations, the court must give the parties notice and an opportunity to be heard," but that

that requirement has not been fulfilled here because the Special Master did not provide

Defendants with advance notice as to the issues that would be dealt with at the December 12,

2025 conference. ECF No. 269 at 4. Even presuming that Defendants were not provided with

adequate notice in conjunction with the Special Master's Order, Defendants' argument fails on

its face; the language quoted by Defendants from Fed. R. Civ. P. 53(f)(1) requires that the <u>court</u>,

not the Special Master, provide the parties with notice and an opportunity to be heard. This

requirement has now been fulfilled through this ruling.

Defendants also argue that the Special Master exceeded the authority granted to him by

this court pursuant to Rule 53 by imposing affirmative obligations, mandating certifications not

required by the Federal Rules, and "threatening" conditional fee-shifting and cost allocation.

ECF No. 269 at 5. The Order of Appointment grants the Master "the sole discretion to determine

the appropriate procedures for resolution of all assigned matters," including "resolving discovery

disputes referred to the Master," and also permits him to "impose upon a party any sanction other

than contempt" and to "recommend a contempt sanction against a party." ECF No. 202 at 1 & ¶

6. The actions that the Special Master has taken are clearly within the scope of his intended

authority as granted to him by this court. And while Defendants additionally argue that the

Special Master has improperly imposed sanctions and fee-shifting without making the necessary

findings, Defendants acknowledge that the Special Master has only "threatened" such sanctions.

ECF No. 269 at 4-5.

Finally, Defendants argue that the Special Master's Order "rests on representations,

characterizations, and narrative assertions advanced by Plaintiff's counsel rather than admissible

3

evidence or resolved factual findings," *id.* at 9, and that the Special Master has failed to "resolve underlying factual disputes." *Id.* at 8. That mischaracterizes the Special Master's Order. In the Order, the Special Master simply directs Defendants to fully comply with discovery obligations that Defendants should have already complied with, to certify that all relevant evidence has already been produced (as applicable), and to potentially provide future depositions pursuant to Federal Rule of Civil Procedure 30(b)(6), contingent upon further proof from Plaintiff that "a Rule 30(b)(6) representative witness has stated that he or she does not know that information but others do[.]" *See generally id.* at 2-4. The court finds that the Special Master has properly exercised his authority to impose these standard discovery obligations and that none of them required him to first resolve an underlying factual dispute.

In sum, the court finds that the Special Master has reached correct conclusions of law. Accordingly, the Special Master's Order is adopted by this court.

In closing, the court respectfully warns the parties that going forward, **filing frivolous objections and failing to confer with opposing counsel absent good cause could result in the court ordering briefing on the question of whether sanctions should be awarded**.

III.    *Conclusion*

For each of the foregoing reasons, Defendants' Objections to the Special Master's Order (ECF No. 269) are **OVERRULED** and the Special Master's Order (ECF No. 255) is **ADOPTED**, in all respects.

IT IS SO ORDERED.[2]

DATED:  March 23, 2026                              BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").